### Chicago & Alton Railroad Company v. Lafayette Hand.

1. FENCE—*what not excuse for failure of railroad company to*. It is not an excuse for such non-performance of duty to show that the plaintiff, who has sustained loss by reason thereof, was occasionally in the employ of the defendant company as a section hand and did not,

on his own responsibility, remove natural accretions which rendered the maintenance of a fence necessary.

2.   Fence—*when railroad company liable for failure to.*   A railroad company is not responsible for the raising of the level of land adjoining its right of way whereby the height of its stone abutment was so diminished that cattle might go from thence to its tracks; but it is responsible for a failure to fence where a fence becomes necessary by the raising of the level of the land by natural accretions.

Action commenced before justice of the peace.   Appeal from the Circuit Court of McLean County; the Hon. Colostin D. Myers, Judge, presiding.   Heard in this court at the November term, 1903.   Affirmed. Opinion filed March 16, 1904.

William Brown and A. E. DeMange, for appellant.

Tipton & Tipton, for appellee.

Mr. Presiding Justice Baume delivered the opinion of the court.

Appellee brought this suit before a justice of the peace, to recover the value of two cows killed on appellant's right of way, and there obtained judgment for $175 and costs of suit.   On appeal to the Circuit Court, the case was tried by jury, resulting in a verdict and judgment against appellant for $110 and costs.

Appellee was a tenant farmer, employed by appellant as a section hand from time to time as his services were required.   Appellant's right of way was across the land occupied by appellee and on which a subway constructed of masonry had been provided for the use of the occupant of the land.   The evidence tends to show that when first constructed, about 1865, the subway was about seven feet in the clear, but earth and drift washed from the hillside adjacent, had, in July, 1902, accumulated in and around the subway to such an extent that it was then about five and one-half feet in the clear, and the top of the base stone of the abutment was two and one-half feet above the surface of the ground.   The evidence shows beyond question that appellee's cows jumped or stepped upon the base stone of the abutment and thence very readily climbed the grade of

the railroad right of way and wandered upon the track, where they were killed by one of appellant's trains.

It is urged by counsel for appellant, that it was the duty of appellee, in the line of his employment as a section hand, to remove the accumulation of earth and drift around the base stone of the subway abutment, in order to prevent cattle from going thereon and thus gaining access to the track, and that his failure so to do constituted such negligence as bars recovery. Appellee was under no contractual obligation to do such work on his own motion. It appears from the evidence that appellee, as was his duty, notified the section foreman of the existing conditions and that orders were issued to go ahead with work elsewhere.

The statute imposed upon appellant the duty to maintain, at the place in question, fences on both sides of its road suitable and sufficient to prevent cattle from getting on its track, and it cannot offer as an excuse for the failure to perform such duty, that appellee, who was occasionally in its employ as a section hand, did not on his own responsibility remove natural accretions which rendered the maintenance of such a fence necessary. Appellant is not responsible for the raising of the level of the land adjoining its right of way whereby the height of the stone abutment was so diminished that cattle might go from thence to its track, but it is responsible for a failure to fence where a fence is made necessary by the raising of the level of the land by natural accretions, as in this case.

There is no error in the record and the judgment is affirmed.

*Affirmed.*